DARREN HUMPHREY *v.* GREAT ATLANTIC AND
PACIFIC TEA COMPANY, INC.
(AC 28914)

Harper, Robinson and Peters, Js.

Argued March 24—officially released May 20, 2008

*James R. Fogarty*, for the appellant (plaintiff).

*Karen A. DiLisio-Jockimo*, for the appellee (defendant).

*Opinion*

HARPER, J. In this slip and fall case, the plaintiff, Darren Humphrey, appeals from the judgment of the trial court, following a court trial, in favor of the defendant, Great Atlantic & Pacific Tea Company, Inc. The plaintiff claims that the court improperly failed to consider whether the defendant was liable for his injuries under the mode of operation rule subsequently adopted by our Supreme Court in *Kelly* v. *Stop & Shop, Inc.*, 281 Conn. 768, 918 A.2d 249 (2007) (en banc). We affirm the judgment of the trial court.

In October, 2005, the plaintiff commenced the action that underlies this appeal. The court conducted an evidentiary hearing in late 2006. On January 5, 2007, the

court issued a memorandum of decision rendering judgment in favor of the defendant. As relevant, the court found that the plaintiff, while walking in the produce aisle of a supermarket owned and operated by the defendant on October 8, 2003, slipped and fell on grapes that the defendant offered for purchase at a self-service counter. The court stated that for the plaintiff to prove his case, "there must be notice [to the defendant] of the specific defect that caused the [plaintiff's claimed] injury and not merely of conditions naturally productive of that defect." The court found that there was no credible evidence that the defendant had actual or constructive notice as to the existence of the claimed specific defect of grapes on the floor. Accordingly, the court concluded that the plaintiff had not proven that the defendant was liable for any of the injuries that the plaintiff claimed to have resulted from his fall.[1]

On April 3, 2007, our Supreme Court released its decision in *Kelly*, adopting the mode of operation rule. *Kelly* v. *Stop & Shop, Inc.*, supra, 281 Conn. 768. The mode of operation rule is "a rule of premises liability pursuant to which a business invitee who is injured by a dangerous condition on the premises may recover without proof that the business had actual or constructive notice of that condition if the business' chosen mode of operation creates a foreseeable risk that the

---

[1] In his posttrial brief, the plaintiff, citing this court's decision in *Meek* v. *Wal-Mart Stores, Inc.*, 72 Conn. App. 467, 806 A.2d 546, cert. denied, 262 Conn. 912, 810 A.2d 278 (2002), urged the court to impose liability on the defendant "based on negligence in [its] mode or method of displaying merchandise when [it] knew or should have known that the merchandise might be dropped or spilled to the floor by customers." Our Supreme Court observed in *Kelly* that although this court in *Meek* did not expressly adopt the mode of operation rule, "the analysis and reasoning employed in [*Meek*] is no different from the analysis and reasoning that the court would have used if it explicitly had adopted the mode of operation rule." *Kelly* v. *Stop & Shop, Inc.*, supra, 281 Conn. 785. In its decision, the trial court referred to the mode of operation analysis applied in *Meek*, yet it is not clear if the court applied those principles in reaching its decision.

condition regularly will occur and the business fails to take reasonable measures to discover and remove it." Id., 769–70.

On May 10, 2007, the plaintiff filed a motion to open the judgment, which the trial court did not act on. Thereafter, this court granted the plaintiff's motion for permission to file a late appeal. This appeal followed.

Whenever this court is called upon to determine whether a trial court correctly construed or applied Connecticut law, our review is plenary. See *Ravetto* v. *Triton Thalassic Technologies, Inc.*, 285 Conn. 716, 735, 941 A.2d 309 (2008); *Cadlerock Properties Joint Venture, L.P.* v. *Ashford*, 98 Conn. App. 556, 561, 909 A.2d 964 (2006). The following appears in footnote nine in *Kelly*: "The mode of operation rule that we adopt today shall be applied to all future cases and, as a general rule, to all previously filed cases in which the trial has not yet commenced as of the date of the release of this opinion. With respect to the latter category of cases, the trial court shall have discretion to bar invocation of the rule if there is an overriding reason to do so. In determining whether such a reason exists, the court may consider, among other things, any delay in the trial of the case that may be occasioned by allowing the plaintiff to raise a claim under the mode of operation rule (for purposes of additional discovery or otherwise), the length of time that the case has been pending and its proximity to trial." *Kelly* v. *Stop & Shop, Inc.*, supra, 281 Conn. 794 n.9.

As the recitation of procedural history previously in this opinion reflects, the trial in this matter had concluded almost three months prior to *Kelly*'s release. The Supreme Court clearly described the class of cases to which the mode of operation rule applied. Id. That class of cases did not include those in which the trial already had concluded, such as the case before us.

Accordingly, we reject the plaintiff's claim that the court was bound to apply the mode of operation rule in this case.[2]

The judgment is affirmed.

In this opinion the other judges concurred.

[2] In its appellate brief, the defendant argued that the trial court had followed this court's decision in *Meek* v. *Wal-Mart Stores, Inc.*, 72 Conn. App. 467, 806 A.2d 546, cert. denied, 262 Conn. 912, 810 A.2d 278 (2002), and, thus, had applied the mode of operation rule to this case. The defendant argued that the court properly had rejected the plaintiff's claim on that ground, as the plaintiff had failed to present evidence sufficient to prevail under the mode of operation rule. Although the defendant's brief is replete with references to *Kelly*, it is curious that the defendant did not refer to footnote nine of that decision until the time of oral argument before this court.