# DARREN HUMPHREY *v.* GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC.
## (SC 18181)

Norcott, Katz, Palmer, Vertefeuille and McLachlan, Js.*

---

\* This case was argued prior to the implementation of the policy of this court to hear all cases en banc.

Argued April 20, 2009—officially released April 27, 2010

*James R. Fogarty*, for the appellant (plaintiff).

*Cynthia Dolan*, with whom, on the brief, was *Karen A. Jockimo*, for the appellee (defendant).

*Opinion*

PALMER, J. The plaintiff, Darren Humphrey, commenced this action against the defendant, Great Atlantic and Pacific Tea Company, Inc., for damages that he allegedly had sustained when he slipped and fell on some grapes in a supermarket owned and operated by the defendant. Following a bench trial, the court rendered judgment for the defendant after finding that the plaintiff had failed to establish that the defendant had actual or constructive notice of the existence of the grapes on the floor. Shortly thereafter, this court decided *Kelly* v. *Stop & Shop, Inc.*, 281 Conn. 768, 918

A.2d 249 (2007), in which we adopted the mode of operation rule,[1] which does not require an injured party to prove that the defendant had actual or constructive notice of the dangerous condition. Id., 769, 775. In *Kelly*, we limited the application of our holding in that case to future cases and to a certain class of then pending cases, specifically, only those in which the trial had not yet commenced. Id., 794 n.9. Subsequently, the plaintiff appealed to the Appellate Court, claiming that the trial court improperly had rejected his claim concerning the applicability of the mode of operation rule. Relying on our limiting language in *Kelly*, the Appellate Court concluded that the present case did not fall within the class of cases to which our holding applied; *Humphrey* v. *Great Atlantic & Pacific Tea Co.*, 107 Conn. App. 796, 799, 946 A.2d 889 (2008); and, therefore, affirmed the trial court's judgment. Id., 800. We granted the plaintiff's petition for certification to appeal in order to decide whether the Appellate Court properly construed the limiting language in *Kelly* as applying to a case, such as the present case, in which the plaintiff actually had raised a claim concerning the applicability of the mode of operation rule in the trial court and, therefore, had preserved that claim for purposes of appeal. See *Humphrey* v. *Great Atlantic & Pacific Tea Co.*, 288 Conn. 908, 953 A.2d 653 (2008). We now conclude that the limitation that we announced in *Kelly* applies only to a category of then pending cases in which the plaintiff had *not* raised a claim under the mode of operation rule in the trial court. Because the Appellate Court reached a contrary conclusion, we reverse its judgment.

---

[1] The mode of operation rule is "a rule of premises liability pursuant to which a business invitee who is injured by a dangerous condition on the premises may recover without proof that the business had actual or constructive notice of that condition if the business' chosen mode of operation creates a foreseeable risk that the condition regularly will occur and the business fails to take reasonable measures to discover and remove it." *Kelly* v. *Stop & Shop, Inc.*, supra, 281 Conn. 769–70.

The following facts and procedural history, which are set forth in the opinion of the Appellate Court, are relevant to our disposition of this appeal. In October, 2005, the plaintiff commenced the present action, which was tried to the court in 2006. *Humphrey* v. *Great Atlantic & Pacific Tea Co.*, supra, 107 Conn. App. 797. "In his posttrial brief, the plaintiff, citing [the Appellate] [C]ourt's decision in *Meek* v. *Wal-Mart Stores, Inc.*, 72 Conn. App. 467, 806 A.2d 546, cert. denied, 262 Conn. 912, 810 A.2d 278 (2002), urged the court to impose liability on the defendant 'based on negligence in [its] mode or method of displaying merchandise when [it] knew or should have known that the merchandise might be dropped or spilled to the floor by customers.' " *Humphrey* v. *Great Atlantic & Pacific Tea Co.*, supra, 798 n.1. "On January 5, 2007, the court . . . render[ed] judgment in favor of the defendant. . . . [T]he court found that the plaintiff, [who was] walking in the produce aisle of a supermarket owned and operated by the defendant on October 8, 2003, slipped and fell on grapes that the defendant offered for purchase at a self-service counter.[2] The [trial] court stated that for the plaintiff to prove his case, 'there must be notice [to the defendant] of the specific defect that caused the [plaintiff's claimed] injury and not merely of conditions naturally productive of that defect.'[3] The court found

---

[2] The plaintiff alleged in his complaint that "[t]he grapes were displayed and sold in paper bags that were open at the top." According to testimony adduced at trial, some of the grapes were packaged in plastic bags and some were wrapped in tissue. Because the plastic bags were open and the tissues were removable, the grapes were accessible to handling and tasting by store patrons. It therefore was not unusual for grapes to fall to the floor as customers were handling them.

[3] As we explained in *Kelly*, prior to our decision in that case, "[t]ypically, [f]or [a] plaintiff to recover for the breach of a duty owed to [him] as [a business] invitee, it [is] incumbent [on] [him] to allege and prove that the defendant either had actual notice of the presence of the specific unsafe condition [that] caused [his injury] or constructive notice of it. . . . [T]he notice, whether actual or constructive, must be notice of the very defect [that] occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it. . . . In

that there was no credible evidence that the defendant had actual or constructive notice as to the existence of the claimed specific defect of grapes on the floor. Accordingly, the court concluded that the plaintiff had not proven that the defendant was liable for any of the injuries that the plaintiff claimed to have [sustained] from his fall.

"On April 3, 2007, [this court] released its decision in *Kelly*, adopting the mode of operation rule."[4] Id., 797–98. "On May 10, 2007, the plaintiff filed a motion to open the judgment, which the trial court did not act on. Thereafter, [the Appellate Court] granted the plaintiff's motion for permission to file a late appeal." Id., 799.

On appeal to the Appellate Court, the plaintiff claimed, inter alia, that the trial court improperly had declined to apply the mode of operation rule. See id., 797. Specifically, the plaintiff maintained that he had raised a claim in the trial court under the mode of operation rule in reliance on *Meek* v. *Wal-Mart Stores, Inc.*, supra, 72 Conn. App. 467, and that, thereafter, this court, in *Kelly*, had confirmed the applicability of the rule. The Appellate Court did not expressly address that claim, however. Rather, the Appellate Court rejected the plaintiff's appeal on the basis of our footnote in *Kelly* that provides: "The mode of operation rule that we adopt . . . shall be applied to all future cases and, as a general rule, to all previously filed cases in which the trial has not yet commenced as of the date of the release of this opinion. With respect to the latter category of cases, the trial court shall have discretion to bar invocation of the rule if there is an overriding reason

---

the absence of allegations and proof of any facts that would give rise to an enhanced duty . . . [a] defendant is held to the duty of protecting its business invitees from known, foreseeable dangers." (Internal quotation marks omitted.) *Kelly* v. *Stop & Shop, Inc.*, supra, 281 Conn. 776.

[4] See footnote 1 of this opinion.

to do so. In determining whether such a reason exists, the court may consider, among other things, any delay in the trial of the case that may be occasioned by allowing the plaintiff to raise a claim under the mode of operation rule (for purposes of additional discovery or otherwise), the length of time that the case has been pending and its proximity to trial." *Kelly* v. *Stop & Shop, Inc.*, supra, 281 Conn. 794 n.9. The Appellate Court reasoned that, because the trial in the present case had concluded three months prior to the release of our decision in *Kelly*, retroactive application of the mode of operation rule was prohibited under *Kelly*. See *Humphrey* v. *Great Atlantic & Pacific Tea Co.*, supra, 107 Conn. App. 799.

On appeal to this court following our granting of certification,[5] the plaintiff claims that the Appellate Court misinterpreted *Kelly*. The plaintiff contends that the purpose of our footnote in *Kelly* was merely to vest discretion in the trial court to bar invocation of the mode of operation rule in those cases that were pending when *Kelly* was decided and in which the rule previously had not been invoked. The plaintiff further contends that, because he did, in fact, raise a claim under the mode of operation rule in the trial court, in light of our holding in *Kelly* expressly adopting the rule, the Appellate Court improperly rejected his claim that he is entitled to a new trial. We agree with the plaintiff.

We begin our review of the plaintiff's claim with a brief summary of our decision in *Kelly*. The named

---

[5] We granted the plaintiff's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly decline to apply the mode of operation rule as articulated in *Meek* v. *Wal-Mart Stores, Inc.*, [supra, 72 Conn. App. 467], to this slip and fall case?" *Humphrey* v. *Great Atlantic & Pacific Tea Co.*, supra, 288 Conn. 909. As we explain more fully hereinafter; see footnote 9 of this opinion; *Meek* has no bearing on our resolution of this appeal because the plaintiff is entitled to the benefit of our holding in *Kelly*.

plaintiff in *Kelly*, Maureen Kelly, like the plaintiff in the present case, brought a negligence action seeking damages for injuries that she sustained when she allegedly slipped and fell on food that had fallen to the floor in a self-service section of a supermarket owned by the defendant, Stop and Shop, Inc. (Stop & Shop).[6] See *Kelly* v. *Stop & Shop, Inc.*, supra, 281 Conn. 770. Like the plaintiff in the present case, Kelly urged the trial court in her case to apply the mode of operation rule to her claim, rather than the actual or constructive notice rule that Connecticut courts traditionally had applied to such claims.[7] Id., 774. As in the present case, the trial court in *Kelly* declined to do so and, after a court trial, found that Kelly failed to meet her burden of establishing that Stop & Shop had actual or constructive notice of the condition that had caused her fall. Id., 774–75.

On appeal to this court, Kelly maintained that the trial court improperly had declined to consider her claim under the mode of operation rule. Id., 775. We agreed with the plaintiff, concluding that "the mode of operation rule provides the most fair and equitable approach to the adjudication of premises liability claims brought by business invitees seeking compensation for injuries arising out of a business owner's self-service method of operation." Id., 786. In doing so, however, we limited the applicability of our holding in *Kelly*. See id., 794 n.9. In particular, we stated, in broad terms, that the mode of operation rule applies to future cases and to cases that had not yet proceeded to trial on the date that we released our decision in *Kelly*, except that, with respect to the latter category of cases, trial courts retained discretion to bar invocation of the rule if there

---

[6] Kelly alleged that she slipped on a wet piece of lettuce that had fallen from a self-service salad bar located in the supermarket. *Kelly* v. *Stop & Shop, Inc.*, supra, 281 Conn. 770.

[7] See footnote 1 of this opinion.

existed a compelling reason to do so, such as avoiding undue delay. Id.

In reliance on that broad language, the Appellate Court determined that, because the trial in the present case had concluded before *Kelly* was decided, the plaintiff was not entitled to the benefit of the mode of operation rule. *Humphrey* v. *Great Atlantic & Pacific Tea Co.*, supra, 107 Conn. App. 799. In other words, the Appellate Court deemed itself bound by our directive in *Kelly* that our holding therein was limited to cases that had not yet been tried as of the date of the release of our decision in *Kelly*. See id. Thus, the Appellate Court rejected the plaintiff's contention that he was entitled to prove his claim, at a new trial, under the mode of operation rule. Id.

Although we certainly could have been clearer in *Kelly* with respect to our intentions concerning the applicability of the holding in that case, we intended for our limiting language to apply only to those cases in which the plaintiff had *not* raised a claim under the mode of operation in the trial court. In other words, our intent was to limit the retroactive effect of *Kelly* to a discrete group of cases in which a claim under the mode of operation rule had not been raised as of the date of our decision in *Kelly*. Thus, we did not intend for that limitation to apply to a plaintiff who, like the plaintiff in the present case, raised a claim under the mode of operation rule in the trial court and, on appeal, challenged the trial court's decision rejecting the rule. Indeed, to deprive the plaintiff in the present case of the opportunity to pursue his appellate rights in that manner would be manifestly unreasonable in view of the fact that he had preserved his claim on appeal by raising the claim in the trial court. Indeed, to deny the plaintiff appellate review of the merits of his preserved claim under the mode of operation rule would violate the spirit if not the letter of the statutory right of appeal

established under General Statutes § 52-263.[8] In the circumstances presented, the plaintiff is no less entitled to the benefit of our holding in *Kelly* than if he himself had succeeded in convincing the Appellate Court or this court to adopt the mode of operation rule. In fact, to conclude otherwise would place the plaintiff in a worse position than if this court never had decided *Kelly*, a wholly untenable result that this court did not contemplate in footnote 9 of that opinion. We therefore conclude that *Kelly* does not bar the plaintiff in the present case from raising his mode of operation rule claim in this appeal.[9]

As an alternate ground for affirmance, the defendant claims that, even if the trial court improperly declined to apply the analysis required under the mode of operation rule, the trial court's factual findings are sufficient to defeat the plaintiff's claim under the mode of operation rule as a matter of law. We disagree.

As we previously explained, the trial court concluded that the plaintiff failed to adduce credible evidence that

---

[8] General Statutes § 52-263 provides: "Upon the trial of all matters of fact in any cause or action in the Superior Court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9."

[9] In light of our determination that *Kelly* does not prohibit the plaintiff from raising his mode of operation rule claim on appeal, we need not consider the defendant's contention that the Appellate Court did not adopt the mode of operation rule in *Meek* and, therefore, that the trial court was not bound to apply the rule. Because the plaintiff raised a claim under the mode of operation rule in the trial court and this court adopted the rule shortly thereafter but before his appeal had been decided, he is entitled to the benefit of our holding in *Kelly*. For purposes of this appeal, therefore, it is irrelevant whether or to what extent the court in *Meek* also adopted the rule.

the defendant had actual or constructive notice of the grapes that caused the plaintiff to slip and fall and, on that basis, rendered judgment for the defendant. According to the defendant, the same facts that the trial court relied on to support its conclusion that the plaintiff failed to prove actual or constructive notice also lead to the conclusion that the defendant exercised reasonable care under the circumstances to prevent the plaintiff's injury, which, the defendant notes, would be sufficient to defeat the plaintiff's claim under the mode of operation rule. In support of this contention, the defendant relies on the following facts, all of which are contained in the trial court's memorandum of decision: (1) in the six minutes preceding the plaintiff's fall, ten people, including children, walked past the area where the plaintiff fell without falling; (2) a video recording of the area did not disclose any indication as to whether those ten people, the plaintiff himself, or someone else had caused the grapes to fall to the floor; (3) an employee had inspected the area within thirty minutes of the plaintiff's fall, and another employee walked through the area approximately one minute before the plaintiff's fall and did not remove any debris from the floor; (4) store policy required the removal of fallen debris as soon as possible after it was discovered; (5) the grapes were packaged and displayed in a manner consistent with industry standards; and (6) there was a yellow caution sign warning of produce hazards in the produce section, as well as scattered floor mats. The defendant contends that these findings support a defendant's verdict under the mode of operation rule because they demonstrate that the defendant "took reasonable measures . . . to protect its patrons from the possibility of fallen grapes."

It cannot reasonably be disputed that the foregoing facts support the trial court's determination that the

plaintiff failed to prove that the defendant had actual or constructive notice of the fallen grapes. This is so primarily because many other customers were captured on a video recording passing through the produce area at the same time as the plaintiff without incident, and because two of the defendant's employees passed through the area and did not pick up any grapes, even though it would have been their responsibility to do so if they had seen any. These facts, however, do not *compel* a finding that the defendant exercised reasonable care under the circumstances to discover and remedy foreseeable risks associated with the sale of grapes. See, e.g., *Kelly* v. *Stop & Shop, Inc.*, supra, 281 Conn. 791 (defendant may rebut prima facie case of negligence under mode of operation rule "by producing evidence that it exercised reasonable care under the circumstances"); id., 781 ("[b]ecause the hazard is a foreseeable consequence of the manner in which the business is operated, the business is responsible for implementing reasonable measures to discover and remedy the hazard").

Although an employee of the defendant testified that it was store policy for employees to pick up fallen debris as soon as possible after they are discovered, and that an employee of the store had inspected the produce area approximately thirty minutes before the plaintiff's fall, the court made no finding either that it was *store policy* to conduct regular inspections of the area where the plaintiff fell or that an employee had been assigned to do so in accordance with any such policy. Cf. id., 793 (evidence established that defendant supermarket "had a policy of stationing an attendant at the salad bar for the purpose of keeping the area clean and safe"). Moreover, although the trial court found that there was a yellow caution sign warning of produce hazards,[10] the court also found that the sign had been placed in front

---

[10] The sign stated, "Caution, Wet Floor."

of the service counter where the grapes were displayed but not in the rear of the counter, where the plaintiff fell. Indeed, the store's assistant manager testified that, in his opinion, there should have been a caution sign at the rear of the counter and, further, that grapes sometimes fell to the floor in the area where the plaintiff fell. Thus, although the defendant may have exercised reasonable care under the circumstances to prevent the type of injury that occurred in this case, on the basis of the record before us, including the trial court's memorandum of decision and the factual findings contained therein, we cannot say that the defendant established its use of reasonable care for purposes of the mode of operation rule as a matter of law.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the trial court for a new trial.

In this opinion the other justices concurred.